UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK LAX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-03472-JRS-TAB |
| | ) |
| COUCH, | ) |
| RIDGEWAY, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANT RIDGEWAY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Mark Lax, an inmate of the Indiana Department of Correction ("IDOC"), brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that defendants Sgt. Couch and Lt. Ridgeway denied him constitutional conditions of confinement in violation of his Eighth Amendment rights. Mr. Lax alleges that the defendants refused him clothing, hygiene items, and shower shoes for seven days while he was in restrictive housing, and as a result, he contracted a foot infection. Dkt. 39. Lt. Ridgeway seeks partial summary judgment on the claims alleged against him due to his lack of personal involvement in the deprivation of Mr. Lax's constitutional rights. For the following reasons, defendant Ridgeway's unopposed motion for partial summary judgment, dkt. [54], is **granted.**

**I. Legal Standard**

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). As the current version of Rule 56 makes clear, whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or

1

affidavits. Fed. R. Civ. P. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, the Court need only consider disputed facts that are material to the decision. A disputed fact is material if it might affect the outcome of the suit under the governing law. *Williams v. Brooks*, 809 F.3d 936, 941-42 (7th Cir. 2016). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609-10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trs. of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

Lt. Ridgeway filed his motion for partial summary judgment on April 7, 2020. Dkt. 54. On April 29, 2020, the defendant filed a motion for leave to belatedly serve this dispositive motion and explained to the Court that though the motion was timely filed electronically through the

CM/ECF system on April 6, 2020, pursuant to the pretrial scheduling order, "the undersigned was unable to mail to Plaintiff the items filed" until the following day. Dkt. 56 at 1. The Court notes that the defendant further explained that "unforeseen complications created by required remote work during the COVID-19 pandemic" created the one-day delay in mailing the items to Mr. Lax.[1] *Id.* The Court granted this motion for leave to belatedly serve the motion. Dkt. 57.

Later, Mr. Lax asserted that defendants' "summary judgment was never filed" and "they never filed for extensions of time in this matter." *See* dkt. 60. The Court responded on November 3, 2020:

> Mr. Lax failed to file a timely response to this partial motion for summary judgment or seek an extension of time to do so. Until now, the only actions the plaintiff has taken in this case since April 7, 2020, were his requests for copies of the docket sheet on July 7 and July 24, 2020. Dkt. 58; dkt. 59. Copies of the docket sheet were provided to Mr. Lax by US Mail . . . . Mr. Lax is mistaken, as defendant Ridgeway's motion for partial summary judgment was filed and is now ripe for the Court's consideration in due course.

*See* dkt. 61. Mr. Lax contends in a December 31, 2020 filing titled "Response to Entry Denying Motion to Set Trial Date" that he has not received filings timely, due to the facility and COVID-19, and that if he "would have received this partial summary judgment request on time [he] would have responded." Dkt. 64. Mr. Lax states that "[t]his [matter] has not been ruled on and it[']s obvious that [he] never received it or would have responded in a timely manner like [he] ha[s] for the past two years." *Id.*

But, Mr. Lax's response to the defendant's dispositive motion was due almost 10 months ago. Mr. Lax never sought additional copies of the motion or any extensions of time to respond to

---

[1] The defendant certified that on April 7, 2020, copies of the documents would be sent by first-class U.S. Mail to Mr. Lax at his current location at Wabash Valley Correctional Facility. *See* dkts. 54, 55 (certificate of service). The certificate of service on the defendant's motion to file the belated motion for partial summary judgment indicates that a copy of that motion was also sent to Mr. Lax on April 29, 2020. Dkt. 56 at 3.

3

it. Because Mr. Lax did not file a response in opposition he conceded to the defendant's version of the facts. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a Rule 56 motion but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Undisputed Facts

Mr. Lax is an IDOC inmate currently incarcerated at Wabash Valley Correctional Facility. During all times relevant to his amended complaint, Mr. Lax was incarcerated at Correctional Industrial Facility ("CIF"). Dkt. 54-1 at 8. In an incident at CIF on March 30, 2018, Mr. Lax became verbally and physically resistant, and assaulted officers not named in this action. Dkt. 54-2 (incident report). After the incident, Mr. Lax was placed in administrative restrictive housing ("ARH"). *Id.*

Mr. Lax testified that defendant Ridgeway was the Unit Lieutenant for ARH. Dkt. 54-1 at 19. Mr. Lax stated that Lt. Ridgeway was not involved in the March 30, 2018 altercation, and that he did not have his first interaction with Lt. Ridgeway until the following Friday, after he had been placed in ARH for about a week. *Id.* at 26, 36. At that time, Lt. Ridgeway brought Mr. Lax his Bible, shower shoes, toothbrush, and toothpaste. *Id.* at 37. After Lt. Ridgeway brought these items to his door and walked away, Mr. Lax did not have further interaction with him. *Id.*

## III. Discussion

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mr. Lax's Eighth Amendment claims are brought

against Lt. Ridgeway pursuant to 42 U.S.C. § 1983. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chi.*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Mr. Lax has not shown such individual liability on Lt. Ridgeway's part. Rather, he testified that he is suing Lt. Ridgeway "[b]ecause he is the complete overseer of the situation," and that while he "had the problem with [defendant Couch], as far as her not getting [him his] materials," Lt. Ridgeway was the "next person" who is "supposed to make sure over her." Dkt. 54-1 at 18. Further, Mr. Lax compares his situation to having an issue with a restaurant worker and "gaining no ground" and moving on to raise the issue with "somebody that's supposed to oversee" the worker's performance. *Id.* This is a classic assertion of *respondeat superior* theory, which is not applicable to Section 1983 claims. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). "[T]o recover damages against a prison official acting in a supervisory role, a § 1983 plaintiff may not rely on a theory of respondeat superior and must instead allege that the defendant, through his or her own conduct, has violated the Constitution." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). Individual liability "may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turn[s] a blind eye to it." *Id.*

Lt. Ridgeway was not involved in Mr. Lax's altercation on March 30, 2018, that resulted in his placement in ARH. Dkt. 54-1 at 18. Mr. Lax did not have personal interaction with Lt. Ridgeway until approximately one week later when the defendant Ridgeway came to Mr. Lax's cell door in the ARH unit. *Id.* at 36. Mr. Lax testified that he filed a grievance regarding the deprivation of shower shoes and his hygiene items after the March 2018 altercation, dated April 6, 2018, that stated he had written a previous request "to the lieutenant." *Id.* at 15. When Lt. Ridgeway came to his cell door, he actively remedied the situation by delivering to Mr. Lax the items he was requesting. *Id.* at 16-17, 37. Mr. Lax stated he has not filed any additional grievances against Lt. Ridgeway, had no further interaction with him after the receipt of his items, and was then able to have access to his items from the black box kept outside his cell on the ARH unit. *Id.* at 17, 37, 40.

There is no evidence in the record that shows that Lt. Ridgeway personally participated in the deprivation of Mr. Lax's missing items. Nor is there evidence to support that Lt. Ridgeway was aware and turned a blind eye to Mr. Lax's needs, or was deliberately indifferent to the deprivation of Mr. Lax's items; rather, Lt. Ridgeway ensured the items were retrieved and delivered to Mr. Lax. No reasonable jury could find otherwise. Therefore, defendant Ridgeway is entitled to judgment as a matter of law.

### IV. Conclusion

For the reasons discussed above, defendant Ridgeway's motion for summary judgment, dkt. [54], is **granted.** A partial final judgment will not issue at this time. However, **the clerk is directed to terminate Lt. Ridgeway** from the docket.

The Eighth Amendment claim against defendant Sgt. Couch remains pending because she did not seek summary judgment. That claim will be resolved either through settlement or trial. The trial has been scheduled for October 25, 2021. *See* dkt. 65.

**The Magistrate Judge is requested to set this matter for a status conference** to determine how the remaining claims will be resolved.

**IT IS SO ORDERED.**

Date:  2/23/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MARK LAX
988393
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Sarah Jean Shores
INDIANA OFFICE OF THE ATTORNEY GENERAL
sarah.shores@atg.in.gov

Magistrate Judge Tim A. Baker